# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JAMES R. RUSSELL                     CIVIL ACTION

VERSUS                                      NO. 18-660-BAJ-EWD

JOSE F. BONILLA ESCOBAR,
ET AL

## NOTICE AND ORDER

This is a civil action involving claims for damages based upon the injuries allegedly sustained by Plaintiff James R. Russell ("Plaintiff") on May 17, 2017 when Plaintiff's tractor-semitrailer was allegedly sideswiped by a tractor-semitrailer driven by Defendant Jose F. Bonilla Escobar ("Escobar").[1] On or about April 25, 2018, Plaintiff filed a Petition for Damages against Escobar, Hallmark County Mutual Insurance Company ("Hallmark County") and Hallmark Specialty Insurance Company ("Hallmark Specialty") (collectively, "Defendants") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[2] On June 27, 2018, Defendants removed this matter to this Court asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[3]

The Notice of Removal makes the following allegations regarding the citizenship of the parties:

> 7.
>
> Upon information and belief, Plaintiff is a resident and domiciliary of East Baton Rouge Parish, Louisiana. See **Exhibit A**, Petition, Introductory Paragraph.

---

[1] R. Doc. 1-4.
[2] R. Doc. 1-4.
[3] R. Doc. 1, ¶ 6.

8.

Defendant, Jose F. Bonilla Escobar, is domiciled in Fort Worth, Texas. Hallmark County Mutual Insurance Company is a Texas corporation with its principal place of business in Fort Worth, Texas. Hallmark Specialty Insurance Company is an Oklahoma corporation with its principal place of business in Fort Worth, Texas.

9.

Complete diversity of citizenship exists between the Plaintiff and Defendants.

10.

Although the Defendants deny any liability to Plaintiff, the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff's Petition does not allege the amount in controversy falls below $75,000, as required by Article 893 of the Louisiana Code of Civil Procedure.[4]

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. In the Notice of Removal, citizenship appears to have been adequately alleged as to all of the parties.[5] However, it is not clear from the Notice of Removal whether Plaintiff's claims likely exceed $75,000, exclusive of interests and costs.[6] This is because the Notice of Removal merely asserts that "the amount in controversy exceeds $75,000, exclusive of interest and costs" and that "Plaintiff's Petition does not allege the amount in controversy falls below $75,000...."[7] The

---

[4] R. Doc. ¶¶ 7-10.
[5] Plaintiff is alleged to be a domiciliary of Louisiana. R. Doc. 1, ¶ 7. Defendants Escobar and Hallmark Country are alleged to be domicilaries of Texas. R. Doc. 1, ¶ 8. Hallmark Specialty is alleged to be a domiciliary of Texas and Oklahoma. R. Doc. 1, ¶ 8. Therefore, the parties appear to be diverse.
[6] *See* 28 U.S.C. §1332(a).
[7] R. Doc. 1, ¶ 10

Notice of Removal does not contain any information that actually indicates whether Plaintiff's claims will likely exceed $75,000.

Turning to the Petition, it alleges that Plaintiff, the driver of the "RUSSELL 18 WHEEL VEHICLE," was at a complete stop while waiting to take a right turn into a truck stop in St. Landry Parish when he was allegedly "sideswiped" by defendant Escobar, the driver of the "BONILLA 18-WHEEL VEHICLE."[8] As a result of this incident, Plaintiff claims that he has suffered "acute injuries to his neck, back, body as a whole and any and all other injuries to be shown upon trial of this matter" and "disabling bodily injuries."[9] Plaintiff seeks the following damages:

2.

> The defendants are justly and truly indebted unto Petitioner for damages, injures, and losses that he sustained with legal interest from date of judicial demand, and all costs of these proceedings, and for general and equitable relief for the following….[10]

9.

> As a result of the fault and/or negligence of the defendant JOSE F. BONILLA ESCOBAR in causing the aforementioned accident, petitioner JAMES R. RUSSELL shows that he has suffered and will continue to suffer the following, non-exclusive damages:
> A.   Physical pain and suffering-past, present, and future;
> B.   Mental pain, anguish, and distress-past, present, and future;
> C.   Medical expenses-past, present, and future;
> D.   Loss of enjoyment of life-past, present, and future;
> E.   Lost wages-past, present, and future; and
> F.   Any and all other damages which shall be proven at trial of this matter.[11]

---

[8] R. Doc. 1-4, ¶¶ 3-7.
[9] R. Doc. 1-4, ¶¶ 6, 8.
[10] R. Doc. 1-4, ¶ 2.
[11] R.Doc. 4-1, ¶ 9.

13.

>Petitioner JAMES R. RUSSELL is entitled to damages for the items set forth above in such amounts as are reasonable in the premises.[12]
>
>…
>
>WHEREFORE PETITIONER PRAYS…for compensatory damages in an amount that will fully and adequately satisfy the demands of justice, together with legal interest thereon from date of judicial demand, until paid, and for all cost (sic) of these proceedings including expert witness fees.[13]

Other than Plaintiff's general allegations of "acute injuries to his neck, back, body as a whole" and "disabling bodily injuries," as a result of the alleged sideswipe, Plaintiff has not provided any information regarding the actual injuries Plaintiff allegedly sustained as result of the incident. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *Davis v. JK & T Wings, Inc*., Civ. A. No. 11-501-BAJ-DLD, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), and cases cited therein. While Plaintiff claims to have suffered "disabling bodily injuries," this general allegation, without more, is insufficient to establish the amount in controversy. Therefore, it is not apparent from either the Notice of Removal or the Petition whether Plaintiff's claims are likely to exceed $75,000, exclusive of interest and costs.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the amount in

---

[12] R. Doc. 1-4, ¶ 13.
[13] R. Doc. 1-4, p. 5.

controversy requirement has been met.  *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Jose F. Bonilla Escobar, Hallmark County Mutual Insurance Company and Hallmark Specialty Insurance Company shall file a memorandum and supporting evidence concerning subject matter jurisdiction under 28 U.S.C. § 1332(a) within ten (10) days of the date of this Notice and Order and that Plaintiff James R. Russell shall either file a memorandum and supporting evidence regarding subject matter jurisdiction or a Motion to Remand for lack of subject matter jurisdiction within ten (10) days after the filing of Defendants' memorandum.  Supplemental memoranda shall be limited to ten (10) pages and shall specifically address whether the amount in controversy is met under 28 U.S.C. § 1332(a).  Once the Court has reviewed the supplemental memoranda, the Court will either allow the case to proceed if jurisdiction is present or address any Motion to Remand filed by Plaintiff.

Signed in Baton Rouge, Louisiana, on July 2, 2018.

                                        **ERIN WILDER-DOOMES**
                                        **UNITED STATES MAGISTRATE JUDGE**