UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES R. RUSSELL | CIVIL ACTION |
| VERSUS | NO. 18-660-BAJ-EWD |
| JOSE F. BONILLA ESCOBAR, ET AL | |

### NOTICE AND ORDER

Before the Court is Defendants' July 6, 2018 Ex Parte Motion to Extend Deadline to Respond to Court Order[1] and for Limited Discovery on Issue of Jurisdictional Amount (the "Ex Parte Motion"),[2] which the Court has reviewed.

For the reasons set forth below, the Ex Parte Motion is **GRANTED.** The parties shall be given sixty (60) days from the date of this Notice and Order to conduct limited jurisdictional discovery regarding the amount in controversy in this suit. The Court emphasizes that this discovery is to be limited to only that which is relevant to the amount in controversy at the time of removal.

**IT IS FURTHER ORDERED** that, following the close of this limited discovery period, the parties are ordered to submit their memoranda regarding subject matter jurisdiction according to the deadlines set forth herein.

---

[1] R. Doc. 3.
[2] Defendants aver that they attempted to contact Plaintiff's counsel to obtain consent for the Ex Parte Motion but were unable to reach opposing counsel before it was filed. R. Docs. 4, p. 2 and 4-1. In light of the fact there appears to be a legitimate basis for Defendants' request to conduct limited jurisdictional discovery, this Notice and Order is issued despite the fact that the deadline for Plaintiff to respond to the Ex Parte Motion has not passed.

## I. Background

On or about April 25, 2018, Plaintiff James R. Russell ("Plaintiff") filed a Petition for Damages ("Petition") against Jose F. Bonilla Escobar ("Escobar"), Hallmark County Mutual Insurance Company ("Hallmark County") and Hallmark Specialty Insurance Company ("Hallmark Specialty") (collectively, "Defendants") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[3] Plaintiff claims he sustained injuries on May 17, 2017 when Plaintiff's tractor-semitrailer was sideswiped by a tractor-semitrailer driven by Escobar.[4]

On June 27, 2018, Defendants removed this matter to this Court asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[5] On July 3, 2016, this Court *sua sponte* ordered the parties to brief the alleged basis for subject matter jurisdiction; in particular, whether the amount in controversy requirement is met for diversity jurisdiction under 28 U.S.C. § 1332 because it is unclear from the Notice of Removal and the Petition whether Plaintiff's damages exceed $75,000 exclusive of interest and costs.[6] Accordingly, Defendants' memorandum is due on July 13, 2018. Plaintiff's memorandum or Motion to Remand is due ten days after Defendants' submission.[7] On July 6, 2018, however, Defendants filed the instant Ex Parte Motion, seeking an order directing that discovery be had on the limited issue of the amount in controversy and extending the deadline by which Defendants must comply with the Court's July 3, 2018 briefing order to August 13, 2018.[8]

---

[3] R. Doc. 1-4.
[4] R. Doc. 1-4.
[5] R. Doc. 1, ¶ 6.
[6] R. Doc. 3.
[7] *Id.*
[8] R. Docs. 3, 4.

## II. Amount in Controversy

Defendants assert that "This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332" and "Complete diversity of citizenship exists between the Plaintiff and Defendants."[9] The allegations in the Notice of Removal indicate that the parties are diverse.[10] However, with respect to the amount in controversy, the Notice of Removal merely states the following:

> Although the Defendants deny any liability to Plaintiff, the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff's Petition does not allege the amount in controversy falls below $75,000, as required by Article 893 of the Louisiana Code of Civil Procedure.[11]

Thus, it is not apparent from the Notice of Removal if Plaintiff's claims are likely to exceed $75,000.00.

Nor does Plaintiff's Petition contain sufficient facts to establish the amount in controversy. Therein, Plaintiff alleges that Plaintiff, the driver of the "RUSSELL 18 WHEEL VEHICLE," was at a complete stop while waiting to take a right turn into a truck stop in St. Landry Parish when he was allegedly "sideswiped" by defendant Escobar, the driver of the "BONILLA 18-WHEEL VEHICLE."[12] As a result of this incident, Plaintiff claims that he has suffered "acute injuries to his neck, back, body as a whole and any and all other injuries to be shown upon trial of this matter" and "disabling bodily injuries."[13] Plaintiff seeks past, present, and future compensatory damages for physical pain and suffering, mental pain, anguish, and distress, medical expenses, loss of enjoyment of life, and lost wages, as well as all other damages "which shall be proven at trial of this matter," legal interest, costs, and expert witness fees.[14] Other than Plaintiff's general

---

[9] R. Doc. 1, ¶¶ 6, 9.
[10] *Id.* at ¶¶ 7-8.
[11] R. Doc. 1, ¶ 10.
[12] R. Doc. 1-4, ¶¶ 3-7.
[13] R. Doc. 1-4, ¶¶ 6, 8.
[14] R. Doc. 1-4, ¶ 9 and p. 5.

3

allegations of "acute injuries to his neck, back, body as a whole" and "disabling bodily injuries" as a result of the alleged sideswipe, Plaintiff has not provided any information regarding the actual injuries Plaintiff allegedly sustained as result of the incident. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *Davis v. JK & T Wings, Inc.*, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), and cases cited therein.

It is Defendants' burden to prove the amount in controversy by a preponderance of the evidence. *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638 (5th Cir. 2003); *Simon v. Wal–Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). "A showing only that the damages 'could well exceed' the jurisdictional amount or that there is 'some possibility' that the plaintiff 'could recover more' than the jurisdictional amount is insufficient to carry the removing defendant's burden." *Flitter v. Walmart Stores, Inc.*, 2009 WL 2136271, *3 (M.D. La. June 19, 2009) (*citing Allen v. R and H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) and *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411–12 (5th Cir. 1995)). Moreover, the parties "are not free simply to agree that the jurisdictional amount requirement has been satisfied, since parties cannot by stipulation or any other mechanism confer subject matter jurisdiction on the federal courts. Further, a federal court will not permit a defendant to consent to jurisdiction or to fail to challenge it." 14AA Fed. Prac. & Proc. Juris. § 3702 (4th ed.) (citations omitted).

In their Ex Parte Motion, Defendants contend that they are not yet in possession of Plaintiff's medical records or other relevant evidence as to the amount in controversy because no

4

discovery has been conducted.[15] Defendants state that they cannot properly respond to the Court's Order requiring supplemental briefing until they obtain discovery relative to Plaintiff's damages.[16] It is within the Court's discretion to allow such limited discovery. *Gordon v. East Skelly, LLC*, 2014 WL 2894923 (E.D. La. June 25, 2014) (granting motion to remand following limited discovery regarding the nature and extent of damages and the amount in controversy).

### III. Conclusion

Accordingly, in light of good cause shown in Defendants' Ex Parte Motion to Extend Deadline to Respond to Court Order[17] and for Limited Discovery on Issue of Jurisdictional Amount:

The Ex Parte Motion to Extend Deadline to Respond to Court Order[18] is **GRANTED**. The parties are given sixty (60) days from the date of this Notice and Order to conduct limited jurisdictional discovery regarding the amount in controversy in this suit. The Court emphasizes that this discovery is to be limited to only that which is relevant to the amount in controversy at the time of removal.

**IT IS FURTHER ORDERED** that, following the close of this limited discovery period, Defendants Jose F. Bonilla Escobar, Hallmark County Mutual Insurance Company and Hallmark Specialty Insurance Company shall file their memorandum and supporting evidence concerning subject matter jurisdiction under 28 U.S.C. § 1332(a) on or before **September 25, 2018,** and that Plaintiff James R. Russell shall either file a memorandum and supporting evidence regarding subject matter jurisdiction or a Motion to Remand for lack of subject matter jurisdiction within ten (10) days after the filing of Defendants' memorandum. Supplemental memoranda shall be limited

---

[15] R. Doc. 4, p. 1.
[16] *Id.*
[17] R. Doc. 3.
[18] R. Doc. 3.

to ten (10) pages and shall specifically address whether the amount in controversy is met under 28 U.S.C. § 1332(a). Once the Court has reviewed the supplemental memoranda, the Court will either allow the case to proceed if jurisdiction is present or address any Motion to Remand filed by Plaintiff.

Signed in Baton Rouge, Louisiana, on July 10, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**